IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

SCOTT EARL, Individually and on
Behalf of All Others Similarly Situated                                    PLAINTIFF

vs.                                         No. 8:20-cv-129

BELL HOUSE, LLC, FRANK                                                   DEFENDANTS
BAILEY and BRENDA BAILEY

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Scott Earl ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Bell House, LLC, Frank Bailey and Brenda Bailey (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1. Plaintiff, individually and for others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and the others a proper minimum wage and overtime wages for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Nebraska, operating and managing a 'halfway house' in Omaha.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Nebraska has personal jurisdiction over Defendants, and Defendants therefore "reside" in Nebraska.

5. Plaintiff was employed by Defendants at its halfway house located in the Omaha Division of the District of Nebraska.

6. The acts alleged in this Complaint had their principal effect within the Omaha Division of the District of Nebraska, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Nebraska.

8. Separate Defendant Bell House, LLC ("Bell House"), is a domestic limited liability company.

9. Bell House's registered address for service is Rhianna Kittrell at 409 South 17th Street, Suite 500, Omaha, Nebraska 68102.

10. Separate Defendant Frank Bailey ("F. Bailey") is an individual and resident of Nebraska.

11. Separate Defendant Brenda Bailey ("B. Bailey") is an individual and resident of Nebraska.

### III. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. F. Bailey is an incorporator and organizer of Bell House.

14. Upon information and belief, F. Bailey owns all or part of Bell House.

15. F. Bailey manages and controls the day-to-day operation of Bell House, and dictates the employment policies of Bell House, including but limited to the decision not to pay Plaintiff and others similarly situated proper minimum and overtime time wages under the FLSA for all hours worked.

16. B. Bailey is an incorporator and organizer of Bell House.

17. Upon information and belief, B. Bailey owns all or part of Bell House.

18. B. Bailey manages and controls the day-to-day operation of Bell House, and dictates the employment policies of Bell House, including but limited to the decision not to pay Plaintiff and others similarly situated proper minimum and overtime time wages under the FLSA for all hours worked.

19. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that

are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. At all relevant times herein, Defendants were "employers" of Plaintiff and similarly situated employees within the meaning of the FLSA.

22. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

23. At all material times, Defendants failed to pay Plaintiffs and those similarly situated minimum wages and overtime premiums as required by the FLSA, 29 U.S.C. § 206 and 207.

24. Plaintiff was employed by Defendants from around June of 2018 until November of 2019.

25. Plaintiff was hired by Defendants to work at their halfway house as a House Manager.

26. At all relevant times herein, Defendants directly hired Plaintiff and similarly situated House Managers to work in their halfway house, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. As a House Manager, Plaintiff was responsible for taking care of clients, helping them find jobs and manage their money, teaching them responsibility, assigning them chores, setting their schedules, and performing other duties for the purpose of helping clients be successful.

28. House Managers regularly administered medication to clients.

29. House Managers regularly prepared meals for clients.

30. House Managers regularly spoke to clients or potential clients on the telephone.

31. Plaintiff and all other House Managers regularly worked in excess of forty (40) hours per week when working for Defendant.

32. Plaintiff and all other House Managers were paid in irregular amounts at irregular increments by Defendants.

33. Some House Managers were never paid by Defendants.

34. Plaintiff was paid on average six hundred dollars ($600.00) per month by Defendant.

35. Other House Managers were paid a similar amount each month by Defendant if they were paid at all.

36. At all relevant times herein, Plaintiff's and other similarly situated employees' income fell below the applicable minimum wage.

37. Plaintiff and others similarly situated received no overtime premiums for hours worked over forty (40) per week.

38. Plaintiff and all other similarly situated employees lived on-premises.

39. Plaintiff and all other similarly situated employees were required to live on-premises.

40. Plaintiff and all other house managers received a monthly rent credit from Defendants totaling at or around four hundred sixty-five dollar ($465.00).

41. Rent credits were a form of compensation to Plaintiff and other similarly situated employees.

42. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

43. Therefore, Defendant committed an additional violation the FLSA by not including all forms of compensation, such as the rent credit, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

44. Plaintiff later became a supervising manager for Defendants.

45. As a supervising manager, Plaintiff performed the same or similar duties to those of the house managers as well as overseeing other house managers.

46. As a supervising manager, Plaintiff had no authority to hire or fire other employees.

47. Plaintiffs and other similarly situated employees did not hire or fire any other employee.

48. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of minimum wages for all hours worked and overtime compensation for all of the hours worked over forty (40) per week.

49. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   a. Minimum wages;

   b. Overtime premiums for all hours worked in excess of forty;

   c. Liquidated damages; and

   d. The costs of this action, including attorney's fees.

46. Plaintiff proposes the following class under the FLSA:

**All House Managers in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join in this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA class members are similarly situated in that they share these traits:

   a. They were not paid proper minimum and overtime wages as required by the FLSA;

   b. They worked more than 40 hours in some weeks;

   c. They had substantially similar job duties, requirements, and pay provisions; and

   d. They lived on-premises and received a rent credit as part of their compensation.

50. Plaintiff is unable to state the exact number of the class but believe that there are at least five (5) other employees who lived on-premises and were not paid proper minimum wages and overtime premiums.

51. Defendants can readily identify the members of the Section 16(b) class, which encompasses all employees who received a rent credit as part of their compensation.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### V. FIRST CAUSE OF ACTION
(Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendants failed to pay Plaintiff minimum wage as required by the FLSA.

59. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

60. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. All times relevant to this Complaint, Defendants failed to pay Plaintiff and all others similarly situated the minimum wage required by the FLSA.

66. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Scott Earl, individually on behalf of all others similarly situated respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective action class members;

C. For an order of this Honorable Court entering judgment in their favor against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For attorneys' fees, costs, and pre-judgment interest; and

F. For such other relief as this Court deems just and proper.

Respectfully submitted,

**SCOTT EARL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com