IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT EARL, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>vs.<br><br>BELL HOUSE, LLC, FRANK BAILEY, and BRENDA BAILEY,<br><br>Defendants. | 8:20-CV-129<br><br>**MEMORANDUM AND ORDER** |

## I.    INTRODUCTION

Scott Earl, a former resident at Bell House, LLC, has sued Bell House, Frank Bailey, and Brenda Bailey for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendants have filed a Motion for Summary Judgment, Filing 41, arguing that Earl's claim falls short because he was not Defendants' employee for purposes of the FLSA. For the reasons stated herein, the Court concludes that the limited factual record before it precludes the Court from determining if Earl was Defendants' employee.

## II.    BACKGROUND

From October 17, 2017, to February 1, 2020, Earl resided at Bell Transitional House through a work-release program following his incarceration. Filing 43-1 at 1; Filing 43-2 at 4–5. Bell Transitional House is a recovery house owned by defendant Bell House that provides living

1

structural arrangements for those struggling with alcohol, drugs, or criminal behavior. Filing 43-1 at 1. Residents at Bell Transitional House are required to search for work during the day and may be removed if they do not attempt to find employment. Filing 43-1 at 5–6. Defendant Brenda Bailey is a director and manager of Bell Transitional House. Filing 43-1 at 1. Defendant Frank Bailey is an incorporator and organizer of defendant Bell House who dictates its employment policies. Filing 1 at 3.

For the first thirteen months that Earl resided at Bell Transitional House he paid a monthly rent of $465.00. Filing 43-2 at 5. Earl initially paid for his rent by working at a variety of jobs, including Packers Sanitation as a general laborer and U-Pull-It as a tow truck driver. Filing 43-2 at 7. After Earl quit these jobs, Earl claims that he reached an oral agreement with Defendants to become an "assistant manager" in exchange for reducing his rent. Filing 43-2 at 6. As an assistant manager, Earl's duties included supervising the other residents at Bell Transitional House to keep track of their locations and to "check in" on them. Filing 43-2 at 6. Earl performed this job three hours per day. Filing 43-2 at 6–7.

After working three weeks as an assistant manager at Bell Transitional House, Earl claims that Brenda Bailey "promoted" Earl to manager. Filing 43-2 at 7. As manager, Earl assisted and monitored the residents at all three recovery houses owned by Bell House, ensured that that were following house rules, and collected their rent payments. Filing 43-2 at 7–9. He also contends that other residents acting as managers for their houses reported to him. Filing 43-2 at 9. In exchange, Earl claims he no longer had to pay rent and received $600 per month. Filing 43-2 at 8. Earl alleges that Defendants paid him $600 per month for the first six months he worked as a manager. Filing 43-2 at 8. However, according to Earl, Defendants stopped paying him when they began having difficulty receiving funds from the Nebraska state government. Filing 43-2 at 8. Earl continued to

2

work as a manager for about another year without receiving his monthly payments. Filing 43-2 at 8. At around this same time, Earl also earned money by assisting a friend who repaired cars. Filing 43-2 at 5–6. Eventually, Earl left Bell Transitional House on February 1, 2020. Filing 43-2 at 4.

While Earl asserts that he was Defendants' employee, Defendants claim that the only employee at Bell Transitional House was defendant Brenda Bailey. According to Defendants, Earl sometimes performed various tasks at Bell Transitional House as a volunteer and they allowed him to continue living at Bell Transitional House rent-free because he had nowhere else to live and needed assistance. Filing 43-1 at 1–2.

On April 1, 2020, Earl filed his Complaint with this Court. Filing 1. In his Complaint, Earl claims that Defendants violated the FLSA by failing to pay him a minimum wage and overtime pay for the period he worked as a manager. Filing 1 at 4–10. Defendants filed their Motion for Summary Judgment on January 10, 2022, arguing that Earl was not their employee and, therefore, cannot bring a claim against them under the FLSA. Filing 41, Filing 42 at 6.

### III. ANALYSIS

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in

that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

## B. The Court Cannot Determine if Earl was Defendants' Employee

Defendants' summary-judgment motion presents a narrow issue: was Earl their employee? According to Defendants, Earl was merely assisting in the facility in which he resided and voluntarily took on the duties he associates with being a manager at Bell House. Filing 42 at 8. In response, Earl argues that he had an implicit agreement with Defendants to provide services for Bell House in exchange for a rent reduction and payment, that he was economically dependent on this job, that Defendants directly benefited from his services, and that Defendants reduced his rent as a form of compensation rather than to help with his rehabilitation. Filing 44 at 12.

Earl must be Defendants' employee to bring an action under the FLSA. *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961–62 (8th Cir. 2015) (noting that, to state a claim under the FLSA, the plaintiffs had to allege that the defendants were their employer). Under the FLSA, an employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "The Supreme Court has suggested that 'employee' is expansively defined under the FLSA and has stated that courts should determine whether an individual is an 'employee' in light of the 'economic reality' of the situation under the totality of the circumstances, rather than rely on technical labels." *Barnett v. Young Men's Christian Ass'n, Inc.*, 175 F.3d 1023 (8th Cir. 1999) (internal citation omitted). While factual disputes are the province of the jury, whether someone is an employee under the FLSA is a legal question within the Court's purview. *Petroski v. H & R Block Enters., LLC*, 750 F.3d 976, 978 (8th Cir. 2014) ("Whether or not an individual is an 'employee' within the meaning of the FLSA is a legal determination rather than a factual one." (quoting *Donovan v. Trans World Airlines, Inc.*, 726 F.2d 415, 417 (8th Cir. 1984))).

An essential requirement of an employer–employee relationship is "some activity 'pursued necessarily and primarily for the benefit of the employer.'" *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th

5

861, 866 (8th Cir. 2021) (quoting *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1361 (8th Cir. 1993)). The FLSA does not cover a person who "solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947). Rather, the alleged employer must receive some "immediate advantage" from the work performed by the alleged employee. *Id.* at 153.

Here, Earl resided at a recovery house to assist his transition from incarceration to reentering society. Thus, whether Earl's tasks as a manager served his own personal or rehabilitative goals or primarily the Defendants' business interests is critical. *See Armento v. Asheville Buncombe Cmty. Christian Ministry, Inc.*, 856 F. App'x 445, 453 (4th Cir. 2021) (holding that a veterans' shelter resident who participated in a work program was not an employee because shelter residents participated in the work program "not to turn profits for their supposed employer, but rather as a means of rehabilitation and job training" (quoting *Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993))); *Williams v. Strickland*, 87 F.3d 1064, 1067 (9th Cir. 1996) (holding that a resident at a Salvation Army Adult Rehabilitation Center was not an employee because his "relationship with the Salvation Army was solely rehabilitative").

Another requirement of the employer–employee relationship under the FLSA is that Earl performed his work "in expectation of compensation." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 302–03 (1985) ("The Act reaches . . . only those who engage in . . . activities in expectation of compensation."). This does not require a written agreement outlining work in exchange for cash. Instead, "a compensation agreement may be 'implied' as well as 'express'" and the compensation may come in the form of benefits rather than money. *Id.* at 301 (citing *Walling,* 330 U.S. at 152); *see also Velez v. Sanchez,* 693 F.3d 308, 330 (2d Cir. 2012) ("Even if the

6

employee never received any actual compensation, the promise of compensation, particularly in the form of a regular salary, is a factor in favor of finding an employment relationship.").

Keeping in mind the Supreme Court's admonition that deciding whether an individual is an employee depends on the "economic reality" of the situation, *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961), which requires looking "at the totality of the economic circumstances," *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005), the Court is currently unable to determine if Earl was Defendants' employee. Defendants have asked the Court to definitively make this determination on a limited record that only includes a short affidavit from Brenda Bailey, a few pages from Earl's deposition testimony, and Bell House's rule book. From this paucity of evidence, the Court cannot conclude whether Earl performed his tasks as "manager" for his own purposes or to benefit Defendants' business interests. For example, there is no evidence if Defendants' business model requires having managers to oversee their transitional houses. *See Petroski*, 750 F.3d at 981 (holding that tax professionals undergoing rehire training were not employees because "[t]he tax professionals [did] not displace any regular employees, nor [did] their completion of the training expedite [the defendants'] business"). Whether Defendants would have to hire someone to perform the tasks Earl did as manager would be highly relevant to this inquiry. Further evidence that might assist in this determination include the length of time each day Earl did the activities for which Earl claims he was being compensated, whether the work schedule was dictated by the Defendants or if Earl did the activities at issue on his own schedule, and whether Defendants offered the reduced rent and purported stipend in exchange for the completion of certain tasks. *See Childress v. Ozark Delivery of Missouri L.L.C.*, 95 F. Supp. 3d 1130, 1139 (W.D. Mo. 2015) (noting that one factor in determining the existence of an employer–

7

employee relationship is "whether the alleged employer supervised and controlled plaintiff's work schedules or conditions of employment").

Moreover, in his deposition, Earl testified that Defendants initially paid him $600 a month and allowed him to live at Bell Transitional House rent-free in exchange for becoming a "manager," while Defendants claim that Earl performed his job "as a volunteer" and that they waived his rent because Earl "had nowhere else to live and was in need of assistance." Filing 43-1 at 1–2. Defendants do not explain the reason the purported $600 stipend was paid to Earl. A more-developed factual record will assist the Court in determining whether Defendants had an express or implied agreement with Earl or if he occasionally performed various tasks as a volunteer.

## IV. CONCLUSION

A more-developed factual record will assist the Court in determining whether Earl was Defendants' employee. Accordingly,

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment, Filing 41, is denied.

Dated this 9th day of February, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge